IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jamie W. Bell,

    Plaintiff,

  v.                           Case No. 2:08-cv-150

UNUM Life Insurance Company
of America, et al.,

    Defendants.

OPINION AND ORDER

This is an action brought by plaintiff Jamie W. Bell against the UNUM Life Insurance Company of America ("UNUM Life") and UNUMProvident NKA UNUM Group Corporation ("UNUMProvident"). Plaintiff alleges that his employer, Floyd Bell Inc., maintains an employee benefit plan which is underwritten and insured by UNUM Life. Plaintiff further alleges that UNUMProvident provides services under the plan, including the review of claims to determine eligibility for benefits.

In Count One of the complaint, plaintiff asserts a claim for wrongful denial of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(1)(B). Plaintiff alleges that he was wrongfully denied long term disability benefits under the terms of the plan.

In Count Two, plaintiff asserts a claim for breach of contract under Ohio law. Plaintiff alleges that the plan gives UNUM Life the discretionary authority to determine eligibility for plan benefits, and does not authorize UNUM Life to delegate that responsibility to UNUMProvident. Plaintiff alleges that UNUM Life breached the terms of the plan by failing to determine plaintiff's

eligibility for benefits and to interpret the provisions of the policy. In Count Three, plaintiff asserts a claim of breach of the obligation of good faith and fair dealing under Ohio Rev. Code §3901.21, which prohibits unfair methods of competition and unfair or deceptive acts or practices in the business of insurance. In connection with Counts Two and Three, plaintiff asserts a prayer for punitive damages and the right to a jury trial.

This matter is before the court on defendants' motion to strike Counts Two and Three of the complaint, the jury demand, and the claim for punitive damages. Defendants argue that the state law claims asserted in Counts Two and Three are preempted under ERISA. Defendants also argue that ERISA does not permit the recovery of punitive damages, and does not provide for a jury trial.

Plaintiff acknowledges in his response that Count Three fails to state a claim, and that he is not entitled to punitive damages. However, Plaintiff argues that the claim in Count Two is not preempted because he does not seek the payment of plan benefits, but rather is seeking only a determination that UNUM Life was not authorized to delegate its authority to determine eligibility for benefits to UNUMProvident, as well as equitable relief for the resulting damages. He further argues that he is entitled to a jury trial on that claim.

ERISA preempts "any and all State laws insofar as they may not or hereafter relate to any employee benefit plan." 29 U.S.C. §1144(a); <u>Cromwell v. Equicor-Equitable HCA Corp.</u>, 944 F.2d 1272, 1276 (6th Cir. 1991)(noting that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA."). The Supreme Court has interpreted this clause as preempting state

2

law claims that would allow employee benefit plan beneficiaries to "obtain remedies under state law that Congress rejected in ERISA." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987).

The purpose of ERISA preemption was to avoid conflicting federal and state regulation and to create a nationally uniform administration of employee benefit plans. Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp., 399 F.3d 692, 698 (6th Cir. 2005). ERISA preempts state laws that (1) mandate employee benefit structures or their administration; (2) provide alternate enforcement mechanisms, or (3) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of the ERISA plan itself. Id. (citing Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1468 (4th Cir. 1996)). To determine whether a claim "relates to" the employee benefit plan at issue, this court must consider the kind of relief that plaintiff seeks and its relation to the plan. Ramsey v. Formica Corp., 398 F.3d 421, 424 (6th Cir. 2005).

The claim in Count Two raises the issue of whether UNUM Life has the authority under the plan to delegate its claims functions to another entity, UNUMProvident. Under the heading "CERTIFICATE OF COVERAGE," the plan language states, "When making a benefit determination under the policy, Unum has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy." Complaint, Ex. A, p. 1. The policy further states that the plan is funded as an insured plan under a policy issued by Unum Life Insurance Company of America. Id. p. 25. Floyd Bell Incorporated is identified as the plan administrator. Id. p. 24. Participants are directed to file a

claim by following the claim procedures described in their group insurance certificate (which is not attached to the complaint.) Id. p. 26. The policy also contains the following language under the heading "DISCRETIONARY ACTS:"

> In exercising its discretionary powers under the Plan, the Plan administrator, and any designee (which shall include Unum as a claims fiduciary) will have the broadest discretion permissible under ERISA and any other applicable laws, and its decisions will constitute final review of your claim by the Plan. Benefits under this Plan will be paid only if the Plan administrator or its designees (including Unum), decides in its discretion that the applicant is entitled to them.

In Count Two, plaintiff seeks a determination that UNUM Life was not authorized to delegate its authority to determine eligibility for benefits to UNUMProvident. He also seeks what he refers to as equitable relief for the resulting damages. In his prayer for damages with regard to Count Two, plaintiff requests that UNUM Life be required to determine his eligibility for benefits and to interpret the provisions of the policy. He further requests that UNUM Life be ordered to reimburse him for all losses he has incurred in connection with UNUM Life's failure to properly determine eligibility for benefits and to interpret the provisions of the plan. He also asks that UNUM Life be enjoined from failing and refusing to properly handle and adjust the claim for long term disability filed by plaintiff.

The breach of contract claim in Count Two is preempted by ERISA. Plaintiff seeks a judgment compelling UNUM Life to make the determination of whether he is eligible for benefits. The issue of whether an ERISA fiduciary may delegate its fiduciary responsibilities to another fiduciary or a third party is addressed under ERISA. See 29 U.S.C. §1105(c)(1)("The instrument under which

a plan is maintained may expressly provide for procedures ... for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities[.]"). Thus, resolution of plaintiff's breach of contract claim would require interpretation of the language of the ERISA plan and the federal law governing delegations of authority.

Through his breach of contract claim, plaintiff seeks to mandate through injunctive relief the manner in which the plan's employee benefit structures are administered. If plaintiff prevails, the relief he seeks would "bind fiduciaries to particular choices, thereby functioning as a regulation of the ERISA plan." Hutchison v. Fifth Third Bancorp, 469 F.3d 583, 587-88 (6th Cir. 2007)(holding that plaintiff's state law breach of contract claim was preempted); see also Smith v. Provident Bank, 170 F.3d 609, 615-16 (6th Cir. 1999)(holding that state-law claims against a trustee were preempted because Congress established the exclusive means by which fiduciary duties would be enforced). Plaintiff also seeks to recover compensatory damages which would not be recoverable from the plan fiduciary in an action to recover plan benefits under ERISA.

Since plaintiff's state law breach of contract claim is preempted, he is not entitled to a trial by jury. See Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 616 (6th Cir. 1998)(plaintiff not entitled to a jury on denial of benefits claim under ERISA, which is equitable in nature).

Although the allegations in Count Two are preempted insofar as plaintiff seeks to advance them as a state law claim for breach of contract, plaintiff may still argue in connection with his ERISA claim for wrongful denial of benefits that UNUM Life should have

5

made the benefits determination in his case. For example, in <u>Lee v. MBNA Long Term Disability & Benefit Plan</u>, 136 Fed.App'x 734, 742 (6th Cir. 2005), the plaintiff argued that there was an improper delegation of fiduciary responsibilities in her case, and that this required the court to review her claim <u>de</u> <u>novo</u>. <u>See</u> <u>also</u> <u>Geddes v. United Staffing Alliance Employee Medical Plan</u>, 469 F.3d 919, 924-27 (10th Cir. 2006)(discussing impact of delegation of authority to an independent claims agency on standard of review); <u>Walsvick v. Cuna Mutual Insurance Society</u>, 157 Fed.App'x 887, 890-91 (7th Cir. 2005)(addressing allegation of failure of plan administrator to personally review denials of benefits). However, plaintiff must make these arguments as part of his ERISA denial of benefits claim, not as a separate state law claim for breach of contract.

    The defendants' motion (Doc. No. 9) to strike Counts Two and Three of the complaint, the jury demand, and the claim for punitive damages is granted.

Date: March 25, 2009                        <u>    s/James L. Graham    </u>
                                                James L. Graham
                                                United States District Judge